A. E. LINCH *v.* JOHN W. SANDERS

(No. 7809)

Submitted February 28, 1934.  Decided March 20, 1934.

*Martin Brown,* for plaintiff in error.
*Lloyd Arnold,* for defendant in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the circuit court of Marshall County in favor of the plaintiff and against the defendant for $300.00.

Plaintiff furnished necessaries to the wife and minor children of the defendant while he was under adjudication of insanity.  For the alleged value of such necessaries this action was instituted after defendant was restored to sanity and his committee discharged.  Defendant and his wife are now divorced.  Plaintiff is her father.

The query:  May such action be maintained?

A husband and parent is legally bound to support his family, and furnish his wife and minor children with the reasonable necessaries of life.  Schouler, Domestic Relations, Vol. 1 (6th Ed.), pp. 106 and 862; 30 Corpus Juris, pp. 516 and 589; 46 Corpus Juris, p. 1262.  A recent statute, broad in its terms, seems inclusive of this matter.  Code 1931, 48-3-22.  And though insanity may unfit him for directly caring for his dependents, such incompetency does not relieve his estate of the consequences of this liability.  Smoot on Law of Insanity, sec. 385.

It is the general rule that when necessaries are furnished to

the members of an insane person's family, the law imposes an obligation on him to pay the reasonable value thereof out of his own property. 32 Corpus Juris, p. 739; Madden on Domestic Relations, p. 625; *Smith's Committee* v. *Forsythe,* (Ky.) 90 S. W. 1075. And the fact that he has been judicially declared insane, and placed under guardianship, does not affect the question of his liability for what are in fact necessaries. Corpus Juris, *supra;* Madden on Domestic Relations, p. 628. The liability of an insane person for necessaries, like the liability of an infant, is not strictly contractual, but quasi-contractual, created and implied by law.

Our statute, Code 1931, 56-8-5, provides, among other things, that a *scire facias* or motion to revive may be sued out "for or against a party before insane, a convict or an infant, the powers of whose committee or guardian have ceased." As to insane persons the provision was the same in Code 1923, ch. 127, sec. 4. This Court, in the case of *Straight* v. *Ice,* 56 W. Va. 60, 63, 48 S. E. 837, 838, construing the older statute, held: "Under this, if a lunatic should become sane, whereby the powers of his committee would cease, a revival could be had for or against the former lunatic." In the case before us, the plaintiff did not institute his action against the committee which he had a right to do before its discharge, and have his action revived against defendant upon the changing of circumstances permitting such procedure, but brought his action against defendant in his own name after the disability was removed. The result to be obtained is the same. We perceive no reason why an action such as at bar may not be maintained.

The reasonableness of the charges and the suitableness of the necessaries were not challenged at the trial; therefore we do not consider those questions. Judgment affirmed.

*Affirmed.*